UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIAN J. ANDREWS, as personal
representative of the Estate of Marian
T. Andrews, deceased,

    Plaintiff,

v.                                              Case No. 8:22-cv-2058-TPB-TGW

SCHUMACHER ELECTRIC
CORP., et al.,

    Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART "DEFENDANT, WALMART INC.'S MOTION TO DISMISS COMPLAINT"

This matter is before the Court upon "Defendant, Walmart Inc.'s Motion to Dismiss Complaint," filed on September 13, 2022. (Doc. 9). Plaintiff filed a response in opposition on October 4, 2022. (Doc. 26). After reviewing the motion, response, court file, and record, the Court finds as follows:

### Background

On June 27, 2020, Marian T. Andrews suffered smoke inhalation from a fire that started in the garage of her home, which directly caused her death two days later and resulted in significant property damage to her home. According to Plaintiff Brian J. Andrews, the personal representative of her estate, the fire began due to the defects in one or more of the following products: a "Diehard" brand battery charger (designed and manufactured by Defendant Schumacher Electric Corp.) that was connected to an "EverStart" marine battery (designed and manufactured by Defendant Clarios LLC),

both of which were purchased by Plaintiff through Defendant Walmart, Inc. in April 2020, and a Minn Kota brand trolling motor power center (manufactured by Defendant Johnson Outdoors Marine Electronics, Inc.) that was connected to the EverStart battery.

On June 27, 2022, Plaintiff filed suit in state court alleging various theories of strict liability and negligence against Defendants. On September 6, 2022, the case was removed to this court. Walmart seeks to dismiss Counts V (strict liability related to the subject battery charger and maintainer), VI (negligence related to the subject battery charger and maintainer), VII (strict liability related to the subject battery), and VIII (negligence related to the subject battery) for failure to state a claim.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 41 U.S. 232,

236 (1974)).  "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case."  *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

## Analysis

### *Strict Liability Claims (Counts V and VII)*

Walmart argues that the Court should dismiss the strict liability claims because Plaintiff has failed to identify any alleged defects in the products.  Under Florida law, a plaintiff asserting a strict liability products claim must show: "(1) a relationship between the defendant and the product; (2) a defect which caused the product to be unreasonably dangerous; and (3) causation between the defect and the harm suffered by the user."  *Bailey v. Janssen Pharmaceutica, Inc.*, 288 Fed. App'x 597, 607 (11th Cir. 2008).  "[W]hen a product malfunctions during normal operation, a legal inference … arises, and the injured plaintiff thereby establishes a prima facie case for jury consideration."  *Garcia for Estate of Alvarez v. Wells Fargo Bank Nw. NA Tr.*, No. 10-CV-20383-KING, 2010 WL 11553302, at *2 (S.D. Fla. May 17, 2010).  Consequently, at the motion to dismiss stage, an "allegation of a defect alone is sufficient, as mere knowledge of a defect gives defendant enough notice to produce a proper response."  *Belkin v. Prince Lionheart, Inc.*, No. 18-cv-80700-DIMITROULEAS, 2019 WL 13217967, at *2 (S.D. Fla. Jan. 4, 2019) (quoting *Krywokulski v. Ethicon, Inc.*, No. 8:09-CV-980-T-30MAP, 2010 WL 326166, at *2-3 (M.D. Fla. Jan. 21, 2010)).  The exact nature of an alleged defect is a factual matter more appropriately resolved following factual development through discovery.  *See Foche v. Napa Home & Garden, Inc.*, No.

8:14-cv-2871-T-26TGW, 2015 WL 1189556, at *2 (M.D. Fla. Mar. 16, 2015) (denying motion for more definite statement pertaining to nature of defect in favor of further factual development).

Here, Plaintiff has alleged sufficient facts to put Walmart on notice of the claims against it by alleging a defect in the design or manufacture of the subject battery and charger. Rather than ruling on the merits of this claim prematurely, the Court will allow Plaintiff to develop the facts surrounding these alleged defects during discovery. The motion to dismiss is denied as to these grounds.

***Negligence Claims (Counts VI and VIII)***

Walmart also contends that the Court should dismiss the negligence claims because Plaintiff has failed to allege actual or implied notice of any defects in the battery or charger. "[A] retailer can be liable for negligence in a products liability case only if charged with actual or implied knowledge of a product defect present at the time of sale." *Id.* In this case, although Plaintiff alleges that the products were "defective and unreasonably dangerous when sold or distributed by Walmart," Plaintiff does not allege that Walmart *knew* or *should have known* of any defects in the subject battery or charger. Furthermore, although Plaintiff alleges that Walmart owed a duty of reasonable care to test or inspect the products, "Florida law is clear that a retailer does not have a duty to inspect for latent defects." *Id.* (citing *K-Mart Corp. v. Chairs, Inc.*, 506 So. 2d 7, 9 n.3 (Fla. 5th DCA 1987). Because Plaintiff fails to allege that Walmart had notice of the defect(s) or any set of facts that would give rise to a duty to inspect, the motion to dismiss is granted as to Counts VI and VIII, with leave to amend should such facts exist.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant, Walmart Inc.'s Motion to Dismiss Complaint" (Doc. 9) is **GRANTED IN PART** and **DENIED IN PART**.

2. Counts VI and VIII are **DISMISSED WITHOUT PREJUDICE**, with leave to amend.

3. The motion is otherwise **DENIED**.

4. Plaintiff may file an amended complaint, if he may do so in good faith, on or before January 6, 2022.

5. If Plaintiff does not file an amended complaint, Defendant Walmart, Inc. is directed to file an answer on or before January 20, 2022.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 13th day of December, 2022.

                                              **TOM BARBER**
                                              **UNITED STATES DISTRICT JUDGE**